# TUCKER LEVIN, PLLC

230 PARK AVENUE, SUITE 440

NEW YORK, NEW YORK 10169

212-330-7626

FACSIMILE: 212-422-3305

DUNCAN P. LEVIN
DIRECT DIAL: 646-445-7825
DLEVIN@TUCKERLEVIN.COM

December 17, 2020

FILED ELECTRONICALLY

Hon. Denis R. Hurley
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

                Re:    United States v. Frances Cabasso et al.
                         19-Crim.-582 (DRH)

Dear Judge Hurley:

      This Firm represents a non-party potential claimant to a Tranquilo 68s Azimut yacht (the "Seized Yacht") that was seized by the United States in connection with the above-captioned case. We write to request that the Court order an immediate interlocutory sale of the Seized Yacht, which is quickly depreciating and deteriorating.

      By way of background, the Seized Yacht is owned entirely by a holding company called Sebastian Phillip Holdings, LLC ("Sebastian Phillip Holdings"). Sebastian Phillip Holdings is in turn fifty percent owned by IShine Florida Yachting, LLC ("IShine"). This Firm represents IShine and its beneficial owner, Dr. Eric Weinstein. The other 50% of Sebastian Phillip Holdings, LLC is owned by Defendant Frances Cabasso through her LLC, Adventura Group, Inc. Months ago, we gave our consent to the government to enter into an interlocutory sale, of which the government indicated it was in favor; however, those conversations stalled after Ms. Cabasso objected. It seems quite unfair to us to allow Ms. Cabasso (whose interest in the Seized Yacht will be likely extinguished if she is convicted) to stop an interlocutory sale from happening. We respectfully ask this Court to order an interlocutory sale -- over Ms. Cabasso's objection -- in order to preserve the asset for our eventual innocent owner claim. We hope the government will join in this application.

      Although it may not be germane to the instant application, Dr. Weinstein and IShine are innocent owners of the Seized Yacht.[1] Dr. Weinstein initially invested approximately $475,000 into the Seized Yacht. He paid $125,000 upfront and took a loan for the remaining $350,000 that he pays

---

[1] To be clear, we are not making any formal innocent owner claim at this time, though we plan to at an appropriate time should there be an ancillary forfeiture proceeding.

back to the lending bank at a rate of $5,000 per month. He is continuing to make these loan payments, even though Ms. Cabasso is not chipping in, and even though the yacht has been seized. Because of the seizure, Dr. Weinstein has already lost months of charter business that normally would have happened during the warmer summer months and that would likely have been even more robust than usual this summer due to the Covid-19 outbreak. Nevertheless, despite having shared no evidence that Dr. Weinstein or IShine did anything wrong, the government has continually refused to entertain our offer of proof that they are innocent owners of the yacht, instead reminding us that "any attempt by you/your client to intervene in this ongoing criminal action is expressly barred by statute, 21 U.S.C. § 853(k)." Email from AUSA Clare Kedeshian to counsel, dated Nov. 17, 2020.

That is the government's prerogative at this point. That being said, after the government notified us that it has no intention of entertaining our innocent owner claim, we discussed proceeding with an interlocutory sale. Although Dr. Weinstein and IShine have agreed to enter into a stipulation for such, the government has let us know that Ms. Cabasso, through counsel, is refusing to enter into an agreement for an interlocutory sale. Meanwhile, months are passing by and the boat, which is approximately fourteen years old, is deteriorating. Dr. Weinstein estimates that more than $165,000 worth of repair work was needed when the boat was seized in 2019. Upon information and belief, the Seized Yacht has only continued to deteriorate since its seizure, causing further damage to the fiberglass, decking, plumbing, electric equipment, battery, and engine.

It is distressing that an innocent owner can be told that he cannot intervene as an innocent owner (which, to be clear, we are not seeking) and that, because of Ms. Cabasso's objection, he has to watch one of his most prized possessions deteriorate during the pendency of her criminal action. At this point, Dr. Weinstein believes that an interlocutory sale will at least stop the property from becoming worth significantly less money. Our pleas to the government to ask this Court for an interlocutory sale have gone ignored.

Ms. Cabasso's interest in the boat is minimal, as any conviction is likely to result in the boat being forfeited from her. We are requesting that the Court order an immediate interlocutory sale of the Seized Yacht over Ms. Cabasso's objections. *See United States v. Swartz*, 391 F. Supp. 3d 199, 214 (N.D.N.Y. 2019) (ordering an interlocutory sale before a final forfeiture order pursuant to Supplemental Rule G(7) of the F.R.C.P. and Fed. R. Crim. P. 32.2(b)(7) because the asset was at "serious risk of deterioration, decay, or injury if it continue[d] to remain in custody."); *see also United States v. King*, 2010 WL 4739791 (S.D.N.Y. Nov. 12, 2010) (ordering an interlocutory sale over the defendant's objection); *United States v. Pelullo*, 178 F.3d 196, 198-99 (3d Cir. 1999) (interlocutory sale approved over criminal defendant's objections where equity was being depleted due to accruing taxes and interest on foreclosure judgment); *United States v. One Parcel of Real Property Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389-90 (10th Cir. 1997) (district court granted government's motion for interlocutory sale despite claimant's subsequent motion to block it because property was

subject to deterioration and decay); *Aguilar v. United States*, 1999 WL 1067841 *5 (D. Conn. Nov. 8, 1999) (despite claimant's opposition, interlocutory sale was warranted because properties were abandoned and subject to "vandalism, deterioration and depreciation" and mortgage payments were several months in arrears). This Court may order an interlocutory sale upon a motion by the parties or on its own. *See* Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(7).

  We thank the Court for its attention to this matter.

                Respectfully submitted,

                Duncan P. Levin, Esq.
                (212) 330-7626

cc: All parties (by ECF)