EXHIBIT A

```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

------------------------------X Docket#
UNITED STATES OF AMERICA,     : 19-cr-00582-DRH-ARL-1
                              :
                              :
    - versus -                : U.S. Courthouse
                              : Central Islip, New York
                              :
JACK CABASSO,                 : January 6, 2020
             Defendant        : 2:02 PM
------------------------------X

       TRANSCRIPT OF CRIMINAL CAUSE FOR PROCEEDING
         BEFORE THE HONORABLE ARLENE R. LINDSAY
              UNITED STATES MAGISTRATE JUDGE
```

**A   P   P   E   A   R   A   N   C   E   S:**

| | |
|---|---|
| **For the Government:** | **Seth D. DuCharme, Esq.**<br>Acting U.S. Attorney |
| BY: | **Ian Richardson, Esq.**<br>Assistant U.S. Attorney<br>100 Federal Plaza<br>Central Islip, NY 11722 |
| **For the Defendant:** | **Albert Y. Dayan, Esq.**<br>Law Office of Albert Y. Dayan<br>80-02 Kew Gardens Road<br>Suite 902<br>Kew Gardens, NY 11415 |
| **Transcription Service:** | Transcriptions Plus II, Inc.<br>61 Beatrice Avenue<br>West Islip, New York 11795<br>rl.transcriptions2@gmail.com |

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

1       THE CLERK:  USA v. Cabasso.  Please state your
2 appearances.
3       MR. RICHARDSON:  Good afternoon, your Honor.
4 Ian Richardson for the United States.
5       THE COURT:  Yes, good afternoon.
6       MR. DAYAN:  Good afternoon, your Honor.  For
7 Mr. Jack Cabasso, Albert Dayan.
8       THE COURT:  All right.  So Mr. Richardson, I
9 understand that there's been some agreement with respect
10 to a bail package; is that right?
11       MR. RICHARDSON:  That's right, your Honor.
12       THE COURT:  All right.  Do you want to just
13 kind of lay out for me what's been agreed to?
14       MR. RICHARDSON:  Absolutely.  Your Honor, after
15 discussions with defense counsel, we've agreed that a
16 bail package with a bond set at $3 million secured by the
17 signatures of seven sureties, two properties and a
18 $200,000 cash bail with a condition the defendant remain
19 on home confinement with electronic monitoring would
20 suffice to ensure the defendant appears as required.
21       THE COURT:  All right.  So the two properties
22 are 1 Lady Janes Way in Northport, correct?
23       MR. RICHARDSON:  That's correct, your Honor.
24       THE COURT:  Who owns that property, Mr. Dayan?
25       MR. DAYAN:  I understand it's controlled by the

1 defendant's wife who is present here in the audience.

2 THE COURT: Well, what do you mean

3 "controlled"? Who is --

4 MR. DAYAN: Well, she is the owner, Judge.

5 THE COURT: So --

6 MR. DAYAN: Yes, Judge.

7 THE COURT: And then is there another property

8 in Commack?

9 MR. RICHARDSON: That's correct, your Honor.

10 It's 48 Mall Drive. That's owned by an LLC that is also

11 solely controlled by Frances Cabasso. And I just note,

12 your Honor, both of those properties have been indicted

13 and they're subject to forfeiture in this case and Mrs.

14 Cabasso is also herself a defendant in this case.

15 Given that, the other sureties in the case and

16 the cash bail that we're asking for are necessary to

17 provide the sufficient assurance that he will not flee.

18 THE COURT: All right. So the -- is Mrs.

19 Cabasso here?

20 MR. DAYAN: She is, Judge, with consent of her

21 counsel. I have personally spoken to her counsel,

22 Kenneth Kaplan, and he's --

23 THE COURT: Okay.

24 MR. DAYAN: -- consented to her being here.

25 THE COURT: All right. And when is that cash

1  to be deposited?

2  　　　　　MR. DAYAN:  We have the check with us now,
3  Judge.

4  　　　　　THE COURT:  All right.  And I was handed a list
5  of names as I walked in.  Michael Cabasso (ph.), Andrew
6  Cabasso (ph.), Mark -- what is the last name?

7  　　　　　MR. DAYAN:  Mark Davidov (ph.).

8  　　　　　THE COURT:  Davidov?  James Tranchina (ph.),
9  Rose Cabasso (ph.) and Deborah Bluestone (ph.), is it?

10  　　　　　MR. DAYAN:  Yes, everyone is present, Judge.

11  　　　　　THE COURT:  Okay.  I want those individuals to
12  step forward.  Actually let me start with Mrs. Cabasso.
13  She's here?

14  　　　　　MR. DAYAN:  She is.  Should she walk up to the
15  podium, Judge?

16  　　　　　THE COURT:  Yes, please.  And I know that you
17  have the consent of her counsel and I know this is
18  complicated by the fact that she's a co-defendant, so
19  please to the extent you're able to advise her if
20  responding to some question would somehow compromise her
21  Fifth Amendment privilege, then you need to either alert
22  me or alert her, so that we won't go any further than we
23  have to.

24  　　　　　MR. DAYAN:  I will do so.

25  　　　　　THE COURT:  Okay.  And I'm not sure if

1  admitting to ownership to these properties in any way
2  compromises her but it sounds like it's on the deed and a
3  matter of public record; is that right, Ms. Cabasso?  I
4  see you --
5          MS. CABASSO:  That's correct.
6          THE COURT:  -- you're nodding your head, yes.
7  Okay.  So it's not usual that a co-defendant posts
8  property to secure a defendant's release but you are
9  married to Jack Cabasso --
10         MS. CABASSO:  Correct.
11         THE COURT:  -- the defendant, right.  Okay.  So
12 the two properties, 1 Lady Lanes Way in Northport and the
13 one that's in Commack, 48 -- what is it, Mall Drive?
14         MS. CABASSO:  Yes.
15         THE COURT:  Okay.  Both are yours, either by
16 virtue of another entity that you are the sole proprietor
17 and owner of and either in your own individual capacity,
18 correct?
19         MS. CABASSO:  Correct.
20         THE COURT:  Okay.  So -- and I'm going to ask
21 everybody who is part of the suretor package, the names
22 that I read, listen up because when I call you up, I'm
23 going to ask you questions pertinent to what I am about
24 to explain to Mrs. Cabasso and if you can't hear me, you
25 better raise your hand because this is important.

Proceedings

1  　　　　To the extent that anyone is posting bail for
2  Mr. Cabasso's release, whatever the amount of the bail is
3  and in this case the amount that's been agreed to is $3
4  million, with $200,000 pledged as cash and two
5  properties.
6  　　　　The problem with the properties that are being
7  posted by Mrs. Cabasso are they are properties that are
8  subject to forfeiture by the United States government if
9  the defendant is convicted.  That means that the
10  government may not go to -- if there's a violation in the
11  bail conditions, the government may not seek forfeiture
12  of those properties in order to redress the violation of
13  bail.  They will, more than likely, go after the
14  individuals and whatever those individuals have.
15  　　　　So Michael Cabasso, Andrew Cabasso, Mark
16  Davidov, James Tranchina, Rose Cabasso, Deborah
17  Bluestone, you may find yourself in the position of being
18  first up in terms of satisfying the $3 million.  Again,
19  that would only be a problem if the defendant violates
20  bail.
21  　　　　So what are the conditions of bail?  The
22  conditions of bail are essentially that the defendant,
23  Jack Cabasso, is going to be held on what we call house
24  arrest.  He can't leave his home for any reason except
25  the ones that I am going to list.  He can visit with his

attorney. He can come to court and if he has a medical emergency and needs to go see a doctor about that, he can after contacting the agency, what we call pretrial services, arrange for that medical visit. That's it. He can't visit you folks. I suspect that some of you, Michael and Andrew perhaps and maybe even Rose, you're relatives, he can't leave his home to visit you. He can't leave his home to go to the corner drugstore. He can't leave his home to go buy milk.

If he does that, he will be in violation of bail and if he is in violation of bail, that gives the government perfect the opportunity to go after your property, your assets and anything else you have of value. Your wages, they could be garnished.

So be mindful of what's at risk here when you decide whether or not you're going to go forward in signing this bond.

The other condition in addition to house arrest is that he is not to contact, he's not permitted to contact anyone who is affiliated with Aventura Technologies except that he is permitted to talk to his wife and his two sons, Michael and Andrew. After that and remember, this is a case that's being investigated by the FBI, if he contacts any of the other individuals associated with that company, they'll find out and you

Proceedings                                    8

1  folks will be in trouble, as well as the defendant but
2  you folks will be subject to a forfeiture of a
3  substantial amount of money.
4          Now you may think as you sit here, well, we've
5  got one, two, three, four, five, six and including Mrs.
6  Cabasso, seven people, oh, the government can distribute
7  it evenly between seven, so it's not really 3 million.
8  No, the government can go after whatever is easier,
9  whoever's got the most and whatever the easy pickings
10 are, they can go after.  You're all equally liable and it
11 doesn't get spread across the seven.  Whoever has got the
12 best, you know, and the most resources may be the first
13 up and the government may decide that that's all they
14 want to go after.  They don't have to even it out between
15 all seven of you.
16         Those are the conditions of bail.  The
17 properties at Lady Janes Way and Mall Drive cannot be
18 impaired in any way.  You can't use them to mortgage.
19 You can't use them to pay attorney's fees.  You can't
20 diminish their value in any way.  So if you were
21 considering a home equity loan to maybe pay counsel fees
22 or pay for, I don't know, something you might need, you
23 cannot do that as long as these properties are pledged to
24 secure your husband's release.
25         Do you understand that?

Transcriptions Plus II, Inc.

1     MS. CABASSO:  Yes.

2     THE COURT:  Okay.  So I've sort of given you

3 the parameters of costs first and fore -- you know, not

4 to -- I don't want to ignore this.  If the defendant

5 fails to show up in court, I mean, he's under house

6 arrest but if he doesn't come to court one day, that's

7 one of the exceptions I've provided, that he's to come to

8 court on a date that's set, if he doesn't show up, that's

9 a violation of bail and everybody is subject to the same

10 risk I've described.

11     In addition, for Mr. Cabasso himself, if he

12 fails to show up for a court visit or a court date, he'll

13 be subject to another charge called bail jumping which

14 would run independent from what he's charged with.

15     So I am going to ask you, Mrs. Cabasso, first

16 and then the other suretors did you understand what I

17 explained and do you have any questions?

18     MS. CABASSO:  I understand.

19     THE COURT:  Okay.

20     MS. CABASSO:  No questions.

21     THE COURT:  No questions.  And you're willing

22 to sign the bond as it is?

23     MS. CABASSO:  Yes.

24     THE COURT:  Okay.  So with respect to the other

25 individuals, the other six names I have who are in this

1  courtroom, first of all, did you all hear what I
2  described?
3            THE SURETORS:  Yes.
4            THE COURT:  Okay.  Does anyone have a question
5  that they want to ask me and I'll have you come on up and
6  we can explore it?  Okay.  No one has a question.  All
7  right.
8            So I take it from that and again, there's no
9  compulsion here, if you want to sign, you sign.  If you
10 don't want to sign, you're not required to do so.
11           All right.  Let's have Mrs. Cabasso sign the
12 bond and have any suretor that wishes to be considered as
13 a suretor, come on up and you can execute the bond.
14 (Pause)
15           MR. DAYAN:  She could sit down, right?
16           THE COURT:  Yes, after you've signed the bond,
17 then you can sit down.
18 (Pause)
19           MR. DAYAN:  So Rose Cabasso, just sign above
20 your name.
21           I want to announce them as they approach.
22 They'll just sign above their names, if you don't mind,
23 Judge.
24           THE COURT:  Yes, that's fine.
25           MR. DAYAN:  Thank you.  Jack, I need you to

1 sign right over here.

2 Yeah, you could all come up together. Come up.

3 (Pause)

4 MR. DAYAN: All right. So everyone has

5 executed their signatures.

6 THE COURT: All right. Thank you. All right,

7 Mr. Cabasso. You're being released on the bail package

8 that's been described. I'm sure you've heard as I

9 explained to the suretors in this case, what the

10 conditions of your release are. Do you need me to

11 explain them once again to you --

12 THE DEFENDANT: No.

13 THE COURT: -- or repeat them?

14 THE DEFENDANT: No.

15 THE COURT: You're clear on what your

16 obligations are?

17 THE DEFENDANT: Yes.

18 THE COURT: Okay. And again, I'll reiterate,

19 don't fail to come to court because that will trigger not

20 only a forfeiture of the bail and put everyone at risk

21 along with the other risks that I described but you would

22 wind up being charged with a separate crime of bail

23 jumping which is independent of the one you're facing.

24 Okay.

25 Is there anything else I have to address with

1  respect to Mr. Cabasso?

2             MR. DAYAN:  If I may, Judge.  We have the
3  $200,000 check with us.

4             THE COURT:  Right.

5             MR. DAYAN:  I would prefer, I think that
6  actually the person who was posting that bond, that it
7  would be returnable to him.  In other words, I want him
8  to be the one posting the bond and it would be in his
9  name.

10            THE COURT:  All right.  So I think that it --
11  well, the bond has to be to secure the defendant's
12  release.  It has to be taken down to the clerk's office
13  downstairs and they'll figure out how you should actually
14  set it up, so that it could be released to the person
15  that you think whose money it is, I suppose.

16            MR. DAYAN:  Correct.

17            THE COURT:  All right.  All I am doing is
18  advising the clerk's office downstairs that I have as
19  part of the bail package, ordered that a $200,000 cash
20  bond be accepted by the Court.  When you go downstairs to
21  present that sum by check, you can work out with the
22  clerk's office what if anything that paperwork should
23  reflect to secure what you just asked for.

24            MR. DAYAN:  Thank you.

25            THE COURT:  Okay.  Now has there been any

1  discussion in this case about -- all right.  So there's
2  no speedy trial waiver, right, that's been asked for?
3           MR. RICHARDSON:  That's correct, your Honor.
4  The first status conference in this case is scheduled for
5  next week and there's already an order of excludable
6  delay.
7           THE COURT:  All right.  What's the date of that
8  conference?
9           MR. RICHARDSON:  I believe it's the 15th, your
10 Honor, of January.
11          THE COURT:  And what is the time, so the
12 defendant is aware and it's on the record.
13          MR. RICHARDSON:  Let me refresh my memory
14 briefly, your Honor.  Your Honor, it's at 10:30 a.m.
15          THE COURT:  All right.  So January 18th, you
16 said?
17          MR. RICHARDSON:  15th, your Honor.  Wednesday,
18 January 15th at 10:30 a.m.
19          THE COURT:  All right.  January 15th at 10:30
20 a.m. is your next court appearance, Mr. Cabasso and that
21 is before Judge Hurley who is on the tenth floor, right?
22          MR. RICHARDSON:  Nine.
23          THE COURT:  Ninth floor.  All right.  Is there
24 anything else I have to address?
25          MR. RICHARDSON:  No, your Honor.

Proceedings

1     THE COURT: From the defendant?

2     MR. DAYAN: Nothing from the defense, Judge.

3     THE COURT: All right, folks, thank you very

4 much.

5     MR. RICHARDSON: Thank you, your Honor.

6     (Matter Concluded)

7     -o0o-

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **23rd** day of **July** 2021.

*Linda Ferrara*
Linda Ferrara

AAERT CET 656
Transcriptions Plus II, Inc.