EXHIBIT L

U.S. Department
of Transportation

**Federal Transit
Administration**

Chief Counsel

1200 New Jersey Avenue, SE
Washington, DC 20590

December 21, 2016

Mr. Don Erickson
Chief Executive Officer
Security Industry Association
8405 Colesville Road, Suite 500
Silver Spring, Maryland 20910

Dear Mr. Erickson:

I am writing in response to your letter dated September 26, 2016, asking whether internet protocol (IP) security cameras would be covered under the Federal Transit Administration's (FTA) general public interest waiver for microprocessors and microcomputers in Appendix A to section 661.7 of Part 661 of Title 49 of the Code of Federal Regulations.

You believe that IP cameras should be included under FTA's microprocessor waiver, which applies to:

> microprocessors, computers, microcomputers, or software, or other such devices, which are used solely for the purpose of processing or storing data. This general waiver does not extend to a product or device which merely contains a microprocessor or microcomputer and is not used solely for the purpose of processing or storing data.

49 CFR 661.7, Appendix A, para. (b).

According to your letter, an IP camera, also known as a network camera, is a type of digital video camera that sends and receives data over a computer network using standard network protocols. Citing FTA's April 14, 2008 letter to Dedicated Micros, Inc., in which FTA determined that a digital video recorder (DVR) was eligible for the microprocessor waiver, you described an IP camera as a "DVR with a lens," and "a computer with its own IP address, connected directly to a network, and [which] may be placed wherever there is a network connection, including wireless access." You stated that an IP camera is primarily a computer, performing data storage and processing as an integral part of a network, and data storage and processing that allows onboard video analytics to reduce the load on the rest of the computing network. You noted that an IP camera's computing functions are identifiable separate and apart from the other purposes for which they are optimized, and that IP cameras are capable of being employed without using the lens and image sensor, utilizing their primary computing function of data storage and processing.

Noting that FTA's microprocessor waiver does not extend to products or devices that are not used solely for processing or storing data, you distinguished the IP camera from a traditional "closed circuit television" (CCTV) security camera. You note that a CCTV security camera simply captures an analog video signal and transmits that data over coaxial cable to a receiver such as a monitor, recorder or other device, which subsequently processes and stores that data. You also distinguished an IP camera from a web camera, which can operate only over a network when it is connected via a port to a computer with the necessary software installed, where the attached computer processes and stores the data.

Based on the foregoing, I agree that IP cameras are eligible for the microprocessor waiver in Appendix A to 49 CFR 661.7. Accordingly, IP cameras may be considered as a Buy America-compliant component of security and surveillance systems procured with FTA financial assistance. Note, however, that this waiver does not extend to the entire security and surveillance system – other components of the system that do not meet the definition of a "microcomputer" or "microprocessor" must still comply with the Buy America requirements as outlined at 49 CFR 661.5(d) in order for a bidder to certify compliance with the requirements.

Sincerely yours,

Ellen Partridge