

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:ICR/AFM/KCB  *271 Cadman Plaza East*
F. #2018R01047  *Brooklyn, New York 11201*

March 2, 2022

By ECF

The Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Aventura Technologies
            Docket No. 19-CR-582 (DRH) (ARL)

Dear Judge Lindsay:

      The government respectfully writes in further response to the motion of defendant Aventura Technologies, Inc. ("Aventura"), which seeks the release of seized funds.

      In its reply submission filed on January 27, 2022, see ECF No. 232, Aventura argues that the Supreme Court has overruled Second Circuit precedents requiring the company to make a threshold showing of need before it can obtain a Monsanto hearing. Aventura is incorrect, and district courts in this Circuit, as well as other courts around the country, continue to require such a showing before ordering a Monsanto hearing. Here, Aventura has failed to make the requisite showing and no hearing is warranted.

      **A.    Aventura Is Not Entitled to an Automatic Monsanto Hearing**

      In its reply submission,[1] Aventura argues that the United States Supreme Court has eliminated the threshold requirement set forth in United States v. Bonventre, 720 F.3d 126, 131 (2d Cir. 2013), which requires that a movant seeking a Monsanto hearing

---

[1] Aventura's reply submitted on January 27, 2022 included a Letter Reply in Support of Motion, ECF No. 232 ("Letter Reply"); a Reply Memorandum of Law, ECF. No. 232-1 ("Reply Mem."); and the Affirmation of Samuel M. Braverman ("Braverman Aff."), ECF No. 232-2.

"demonstrate that he or she does not have sufficient alternative assets to fund counsel of choice" through "a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets" to retain counsel. This evidentiary showing requires "more than a mere recitation" that the movant lacks sufficient alternative assets. Id. Aventura contends that Bonventre and the other cases cited by the government have been overruled because they precede Kaley v. United States, 571 U.S. 320 (2014), Luis v. United States, 578 U.S. 5 (2016), and Honeycutt v. United States, 137 S.Ct. 1626 (2017). Reply Mem. at 3-4.

Aventura is wrong. None of these Supreme Court decisions purport to remove the requirement of a threshold showing, and district courts both in the Eastern District of New York and elsewhere in this Circuit continue to impose that requirement. Just last month, for example, Judge Garaufis denied a defendant's motion for a Monsanto hearing, citing Bonventre and directing the defendant to detail his "net worth, provid[e] a comprehensive list of his assets, and explain[] how he has been paying his significant living expenses." See United States v. Kurland, No. 20-CR-306 (E.D.N.Y.), Order Entered on February 1, 2022 (quoting Bonventre).

Similarly, in May of last year, Judge Analisa Torres in the Southern District of New York cited Bonventre in declining to order a Monsanto hearing because the defendant had failed to show that he was unable to fund his defense. Judge Torres ordered that the defendant:

> submit evidence that without modification of the Restraining Order his net financial resources and income are insufficient to enable him to obtain qualified counsel. In his declaration, [the defendant] claims that he cannot pay his lawyer without [the release of seized funds.] This "bare recitation" does not meet the required threshold. *Bonventre*, 720 F.3d at 128.

United States v. Kolfage, No. 20 CR. 412 (AT), 2021 WL 1792052, at *5 (S.D.N.Y. May 5, 2021) (internal quotation marks omitted); see also SEC v. Ahmed, No. 15-CV-675 (JBA), 2016 WL 10568257, at *2 (D. Conn. Feb. 18, 2016) (declining to order hearing on unfreezing assets for use in criminal case until defendant provides "a sworn financial accounting confirming that he has no other available assets with which to pay defense counsel").

Courts in other Circuits have similarly rejected the argument that the decisions cited by Aventura entitle defendants to an automatic hearing on the forfeitability of seized assets. See, e.g., United States v. Johnson, 683 F. App'x 241, 250 (4th Cir. 2017) (notwithstanding Luis, finding no error when district court declined to conduct Monsanto-equivalent hearing); United States v. Paronuzzi, No. 4:17CR111, 2018 WL 1938463, at *1–2 (E.D. Va. Apr. 24, 2018) ("Defendant appears to argue that the Supreme Court's decision in Luis v. United States . . . has abrogated the need for a Defendant to make

2

the Farmer threshold showings.[2] . . . Defendant has cited no passage in Luis demonstrating that the threshold showings necessary under Farmer are no longer required, nor has she cited any other authority subsequent to Luis showing that the threshold showings have been abolished. Indeed, as the Government points out, courts post–Luis have continued to require the type of threshold showings articulated in Farmer before granting a post-seizure probable cause hearing"); United States v. Singleton, No. 5:13-CR-8-KKC-REW, 2018 WL 5075982, at *48–49 (E.D. Ky. Mar. 20, 2018), report and recommendation adopted, No. CR 5:13-08-KKC, 2018 WL 8949240 (E.D. Ky. Oct. 17, 2018) ("Nothing about *Kaley* or *Luis* purports to (or does) overrule or invalidate the [] hearing preconditions or burden regime.").

### B. No Monsanto Hearing Is Warranted

In this case, no hearing is warranted because Aventura has failed to show "that there are no sufficient alternative, unrestrained assets to fund counsel of choice." Bonventre, 720 F.3d at 131. Specifically, Bonventre requires that a movant must "disclose his net worth, provide a comprehensive list of his assets, [and] explain how he has been paying his significant living expenses." Id. at 133.

Aventura's showing is insufficient under this standard. Aventura has provided no detailed account of its assets or expected cash flow. The company's reply submission shows that Aventura has multiple outstanding receivables, and is claiming them through litigation. See Braverman Aff. at 8 (identifying lawsuit against Trimble. Inc.). An examination of the New York State court docket with respect to that litigation indicates that Aventura is actively pursuing its remedies in court. See Aventura Technologies, Inc. v. Trimble, Inc., No. 610948/2021 (Suffolk County Supreme Court). Aventura's argument that it has no prospect of further cash is therefore deficient on its face.[3] Aventura is not entitled to a Monsanto hearing until it accounts for its present assets and anticipated receivables and explains how its defense has been funded to date, and why no further funds are available.

In addition, defendants Frances and Jack Cabasso must disclose their own finances before Aventura can obtain a Monsanto hearing. During the time period of the charged conduct, the Cabassos treated Aventura, a corporation that was nearly 100% owned by Frances Cabasso, as a ready source of cash, using the company's funds to finance family expenditures and personal investments. The same dynamic holds true in this litigation. Aventura's counsel has stated that his fees are paid by defendants Jack and Frances Cabasso. See Letter Reply at 1; Braverman Aff. at ¶ 11. Likewise, counsel has made clear that if

---

[2] Unlike in Bonventre, Courts outside the Second Circuit typically impose the more demanding threshold requirements articulated in United States v. Farmer, 274 F.3d 800, 804–05 (4th Cir. 2001) – hence the references to Farmer in this quotation.

[3] It should be noted that Aventura's assertion that the government interfered with its collection of receivables from Trimble is incorrect. Attached to this submission as Exhibit A is a letter from the government to Trimble's counsel reiterating that the government takes no view with respect to Trimble's payment of any funds claimed by Aventura.

3

Aventura's Monsanto motion is successful, the Cabassos intend to fund their own defense from the company's assets. See Reply Mem at 5. For the purposes of the present motion, the company and its owners must make the showing required under Bonventre with respect to both Aventura and the Cabassos in order to give the Court a full picture of Aventura's true finances. Any other approach would allow the Cabassos to make an end run around the Monsanto proceeding by tactically funding and defunding Aventura's representation as their litigation strategy requires, so that they can siphon money from Aventura's corporate treasury while shielding their own finances from depletion.

Counsel's evidentiary proffer with regard to the Cabassos falls far short of the Bonventre standard. Aventura has provided no information about Frances Cabasso's finances, and only a single page of information about Jack Cabasso's finances: the cover page of a statement for an unidentified bank account. See Reply Exh. B, ECF No. 232-3 at 10. This showing is insufficient, particularly in light of Jack Cabasso's known history of keeping his assets in his wife's name, see Complaint, ECF No. 1, at ¶¶ 93, 94, 96; the Cabassos' wide variety of informal investments; and the fact that Jack Cabasso is presently working.[4]

In order to make the requisite showing under Bonventre, counsel must furnish a detailed account of both Cabassos' "net worth, provide a comprehensive list of [their] assets," and explain how they have been paying their "living expenses." Bonventre, 720 F.3d at 133. Unless and until counsel does so, no hearing is warranted.

---

[4] In compliance with the terms of Jack Cabasso's bond, defense counsel has informed the government on an ongoing basis about Jack Cabasso's work-related contacts. Defense counsel has indicated that Jack Cabasso continues to engage in work-related calls and meetings.

4

IV.     Conclusion

For the reasons set forth above, the government respectfully submits that the Court should recommend denial of Aventura's motion for a <u>Monsanto</u> hearing.

                                    Respectfully submitted,

                                    BREON PEACE
                                  United States Attorney

By:    /s/ Alexander Mindlin
            Ian C. Richardson
            Alexander F. Mindlin
            Kayla C. Bensing
            Claire S. Kedeshian
            Assistant U.S. Attorneys
            (718) 254-7000

# EXHIBIT A

U.S. Department of Justice

United States Attorney
Eastern District of New York

ICR/AFM/KCB
F. #2018R01047

271 Cadman Plaza East
Brooklyn, New York 11201

March 2, 2022

<u>By E-mail</u>

Matthew L. Schwartz, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
mlschwartz@bsfllp.com

  Re: United States v. Aventura Technologies
    <u>Criminal Docket No. 19-582 (DRH)</u>

Dear Mr. Schwartz:

  The government writes in connection with your representation of Trimble Inc. ("Trimble") and in reference to the above-captioned case. Counsel for Aventura Technologies, Inc. ("Aventura") has brought to our attention that you may be under the mistaken impression that certain funds held by Trimble and claimed by Aventura are under restraint.

  That is not the case. As a government agent told you on or about December 20, 2019, and as the government reaffirmed on August 5, 2021, the funds claimed by Aventura have not been restrained in connection with the government's criminal case, and the government has expressed no opinion as to whether Trimble should pay those funds to Aventura.

          Very truly yours,

          BREON PEACE
          United States Attorney

      By:  /s/
        Ian Richardson
        Alexander Mindlin
        Kayla Bensing
        Assistant U.S. Attorneys
        (718) 254-6433