

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMP:ICR/AFM/KCB                        *271 Cadman Plaza East*
F. #2018R01047                             *Brooklyn, New York 11201*

June 27, 2022

By ECF

The Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re:   United States v. Jack Cabasso
                 Criminal Docket No. 19-582 (DRH) (ARL)

Dear Judge Hurley:

      The government respectfully submits this letter motion for an order (1) staying the obligation of any recipient to respond to Rule 17 subpoenas issued by defense counsel while the Court considers whether to quash them; (2) directing defense counsel to show cause why the subpoenas they have served should not be quashed under Rule 17(c)(2) pursuant to a briefing schedule to be set by the Court; (3) directing defense counsel to provide the Court and the government with copies of any subpoenas defense counsel have already served; and (4) prohibiting defense counsel from obtaining or serving any further Rule 17 subpoenas without the prior approval of the Court. Defense counsel have not responded to the government's efforts to resolve this matter without litigation. A proposed order is attached hereto as Exhibit A to this motion.

      I.    Background

      In December 2019, a grand jury charged defendant Jack Cabasso, as well as the business he ran, Aventura Technologies, Inc. ("Aventura"), his wife Frances Cabasso, and five senior employees of Aventura in a four-count indictment in the Eastern District of New York. Jack Cabasso is charged with conspiracy to commit mail and wire fraud with respect to the country of origin of Aventura merchandise, a second fraud conspiracy premised on the misrepresentation of Aventura as a woman-owned small business for contracting advantages, unlawful importation of foreign-made security equipment, and conspiracy to commit money laundering with the object of concealing the proceeds of unlawful activity. The charges derive from Jack Cabasso's fraudulent business practices, spanning over a decade, of directing Aventura's employees to falsely claim that Aventura manufactured its products in the United

States and that the company was a woman-owned small business owned and controlled by Jack Cabasso's wife, defendant Frances Cabasso.

Since January 2020, and as the parties have repeatedly discussed with the Court at past status conferences, the government has been producing voluminous discovery to the defendants in this complex case. That process is ongoing. On March 14, 2022, Jack Cabasso's counsel, Mr. Albert Dayan, filed a letter requesting permission to issue Rule 17(c) subpoenas to various financial institutions, third-parties asserted to be suppliers, vendors, and customers of Aventura, government agencies, and other entities. (ECF No. 243.) Mr. Dayan did not attach proposed subpoenas to the letter motion, and the letter offered little information about the requests that would be contained in the subpoenas. Mr. Dayan did claim, however, that "the Subpoenas will provide essential assistance to the defense to search through continuous disparate rolling data dumps provided by the government up to this point in this case. To date, 5,000,000+ disjointed documents produced have created logistical impossibilities for me, a sole law practitioner, with many documents inexplicably marked sensitive, while others self-conflicting in content." (Id. at 1.)

Subsequently, on April 7, 2022, Jack Cabasso, by Mr. Dayan, filed a motion to compel discovery, raising a number of discovery requests about which the parties have been engaged in active discussion. (ECF No. 248.) Indeed, at the last status conference, the parties advised the Court that they had a productive discussion regarding the remaining defendants' discovery requests at a discovery conference between the parties on May 12, 2022. Among other things, the government offered the defendants the opportunity to create a list of search terms that the government would use to search its database of electronic evidence and produce the resulting documents to the defense.

At a hearing to address Jack Cabasso's bail modification motion before Magistrate Judge Lindsay on May 17, 2022, Judge Lindsay noted that Rule 17(c) allowed the defendant to obtain subpoenas in blank from the Clerk of Court without prior authorization of the Court, and Mr. Dayan confirmed that he was withdrawing his motion requesting that the Court authorize the subpoenas. In response to Judge Lindsay's questions about the progress of the case, the government noted that its discussions with the defendant regarding discovery were ongoing.

On June 22, 2022, Mr. Dayan's law firm served a Rule 17(c) subpoena issued by the Clerk of Court on the U.S. Department of Homeland Security ("DHS"), Cybersecurity and Infrastructure Security Agency ("CISA").[1] The subpoena to CISA, which is attached hereto as Exhibit B, was issued by the Clerk on June 9, 2022, with a return date and time of June 27, 2022, at 10:00 a.m.

---

[1] The subpoena incorrectly identifies CISA as the "Cybersecurity and Information Security Agency." CISA is an agency founded in 2018, that describes itself as "the quarterback for the federal cybersecurity team" and "the national coordinator for critical infrastructure security and resilience." See https://www.cisa.gov/about-cisa (last visited June 27, 2022).

On the afternoon of June 24, 2022, the government emailed Mr. Dayan to request that he withdraw the subpoena or agree to extend CISA's time to respond so that the government could prepare a motion to quash the subpoena. The government noted that in obtaining and serving the subpoena on CISA, the defendant had not complied with DHS's Touhy regulations, see 6 C.F.R. §§ 5.41-5.49, and that federal law prohibited CISA from producing documents and records in response to the subpoena until the defendant complied with the Touhy regulations. See 6 C.F.R. § 5.44; see also United States ex. rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951) (upholding the FBI's refusal to produce documents sought in a subpoena). The government further noted that the subpoena to CISA failed the standard for pretrial production of documents under Rule 17(c) set by United States v. Nixon, 418 U.S. 683, 700 (1974).

After emailing Mr. Dayan regarding the CISA subpoena, the government learned on the evening of June 24, 2022, that earlier that same day Mr. Dayan's law firm served a Rule 17(c) subpoena issued by the Clerk of Court on the U.S. General Services Administration ("GSA"). The subpoena to GSA, which is attached hereto as Exhibit C, was issued by the Clerk on June 9, 2022, with a return date and time of July 6, 2022 at 10:00 a.m. The government emailed Mr. Dayan again on the evening of June 24, 2022, to request that he withdraw both the subpoena to CISA and the subpoena to GSA, noting that the subpoenas suffered from many of the same defects. The government reiterated its alternative request for an extension of the agencies' time to respond to the Rule 17(c) subpoenas if he would not withdraw them.

On June 27, 2022, the government again attempted to contact Mr. Dayan and his recently noticed co-counsel, Mr. Harlan Protass, by both telephone and email, without success. To date, the government has not received any response to its numerous attempts to contact defense counsel to resolve this matter.

II.     Applicable Law

Rule 17(a) provides that "[t]he clerk must issue a blank subpoena—signed and sealed—to the party requesting it, and that party must fill in the blanks before the subpoena is served." Under Rule 17(c)(1), such a subpoena "may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates."

But Rule 17(c) "was not intended to provide a means of discovery for criminal cases," and a Rule 17(c) subpoena may not be used to conduct a "general 'fishing expedition.'" United States v. Nixon, 418 U.S. 683, 700 (1974); see also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) (same). Instead, because the rule's "purpose is trial-focused," a Rule 17(c) subpoena "may be used only to obtain materials admissible as evidence at trial." United States v. Louis, No. 04-CR-203 (LTS), 2005 WL 180885, at *3 (S.D.N.Y. Jan. 27, 2005).

Accordingly, a defendant seeking documents pursuant to a Rule 17(c) subpoena bears the burden of satisfying the "strict standard" set forth by the Supreme Court in Nixon, United States v. Brown, No. 95-CR-168 (AGS), 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995), which requires the party seeking the pretrial production of documents to demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial, and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Nixon, 418 U.S. at 699-700; see also United States v. RW Pro. Leasing Servs. Corp., 228 F.R.D. 158, 162 (E.D.N.Y. 2005) (citing Nixon, 418 U.S. at 699-700); Louis, 2005 WL 180885, at *9 (party seeking documents pursuant to a Rule 17(c) subpoena must be able to "reasonably specify the information contained or believed to be contained in the documents sought" and establish both relevancy and admissibility (citation omitted)); Brown, 1995 WL 387698, at *9 (Nixon requires "specifically identifying the materials sought and showing that they are relevant and admissible").

Precisely because the Rule poses such a risk of abuse and misuse, courts stringently hold those seeking to obtain documents under Rule 17(c) to their burden of demonstrating that the documents sought are (1) relevant, (2) admissible, and (3) specifically identified, and it is "insufficient" for a party to show only that the subpoenaed documents "are potentially relevant or may be admissible," RW Pro. Leasing Servs., 228 F.R.D. at 162. Rule 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." "[T]he Court has an independent duty to review the propriety of the subpoena," United States v. Vasquez, 258 F.R.D. 68, 72 (E.D.N.Y. 2009), and requests accurately characterized as fishing expeditions "deserve[] to be quashed" on that basis alone. United States v. Chen De Yian, No. 94-CR-719 (DLC), 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995); see also United States v. Coriaty, No. 99-CR-1251 (DAB), 2000 WL 1099920, at *6 n.4 (S.D.N.Y. Aug. 7, 2000) (considering government's motion to quash third-party subpoena, notwithstanding defendant's objections on ground that government had no standing, because "it is the responsibility of the court, not the opposing party, to ensure that a subpoena secured under Rule 17(c) is for a proper purpose" (citation omitted)).

Finally, when a defendant seeks documents from a federal agency through the use of a Rule 17(c) subpoena, the party must ensure that they comply with regulations enacted by that agency pursuant to the Federal Agency Housekeeping Act, 5 U.S.C. § 301, which authorizes the head of every Executive Branch agency to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers and property." See United States ex. rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951). These regulations, often referred to as Touhy regulations, are accorded the full force and effect of federal law, and a court lacks the authority to compel compliance with a subpoena where such compliance is not authorized pursuant to such regulations. See Touhy, 340 U.S. at 468.

III. <u>Discussion</u>

The subpoenas that the defendant has served on CISA and GSA are overbroad on their face. Far from specifically identifying relevant, admissible evidence for production that could not obtained by other means, the subpoenas seek the production of a wide range of documents as part of a fishing expedition with little apparent relevance to the charges.

For example, the first document request in the subpoena to CISA, seeks "all records electronically stored information and objects including but not limited to reports, evaluations, reviews, proposals, advisories, legal actions, administrative actions, emails, notes, letters, faxes, instant messages and all other communications of any kind whatsoever relating to" a list of eight different subjects. Those eight subjects include three different U.S. government cybersecurity advisories, three Chinese manufacturers of security equipment that Aventura re-sold as its own, and CISA's agency policies regarding compliance with the Trade Agreements Act, Section 889 of the National Defense Authorization Act, and the Buy American and Buy America Acts. Nothing in this request, made to an agency principally responsible for cybersecurity matters, is tailored to secure the production of relevant, much less admissible, evidence in a case that is about Jack Cabasso's own fraudulent business practices.

Jack Cabasso's nine-page rider in the subpoena to GSA, which contains 13 numbered document requests, several with multiple subsections, is similarly overbroad. For example, the first document request alone seeks a slew of documents and records about Aventura itself, despite the fact that the government has already produced GSA records relating to Aventura in discovery. Indeed, the request appears to reflect defense counsel's intent to use Rule 17(c) subpoenas in lieu of reviewing the government's discovery productions, a purpose Mr. Dayan articulated in his March 14, 2022 letter request to the Court when he explained that "the Subpoenas will provide essential assistance to the defense to search through continuous disparate rolling data dumps provided by the government up to this point in this case." (ECF No. 243.) But, of course, Rule 17(c) is not a discovery device, and its purpose is not to supplant Rule 16's provisions regarding the production of discovery.

While the first document request in the GSA subpoena at least references Aventura, the second document request, for example, seeks "all records, documents, communications, electronically stored information and objects from 2006 to the present relating to GSA Contractors, Distributors and Dealers" followed by a list of 109 business entities, "and U.S. Federal Agencies, business of any kind whatsoever with Hikvision USA Inc., Hangzhou Hikvision Digital Technology Co., Ltd., Dahua Technology USA Inc., and Dahua Technology Co., Ltd. OEM or branded products or other Chinese manufactured products." Defense counsel then lists the documents sought in his second document request in 15 subsections. The breadth of these document requests for information about other companies defies any obvious explanation of their relevance to the charges against Jack Cabasso—which, again, concern his fraudulent business practices while managing Aventura. Further, the requests are hopelessly non-specific, general demands that represent a paradigmatic fishing expedition.

Beyond the defects in the subpoenas themselves, the government understands that defense counsel have not complied with CISA's or GSA's respective Touhy regulations, which generally prohibit either agency from providing documents in response to a subpoena duces tecum unless the procedures specified in those regulations have been followed, and agency personnel have been approved to provide the response by an authorized official.  See 6 C.F.R. §§ 5.41-5.49 (DHS regulations); 41 C.F.R. §§ 105-60.1001-105-60.1008 (GSA regulations).  Among other things, those procedures require a party seeking the production of records, in the case of CISA, to state "in writing, and with as much specificity as possible, the nature and relevance of the official information sought," 6 C.F.R. § 5.45(a), and in the case of the GSA, "to provide a detailed summary, by affidavit or other statement, of the information sought and its relevance to the proceeding," 41 C.F.R. § 105-60.1005(c)(2).  Because defense counsel failed to comply with the agencies' Touhy regulations, the agencies are prohibited from responding to the subpoenas.

## IV.   The Proposed Order

Because Jack Cabasso bears the burden of demonstrating that his subpoenas are proper—and because they are clearly improper—the government respectfully submits that the Court should order Cabasso to show cause in the first instance why the subpoenas should not be quashed, and impose additional procedural restrictions on his issuance of Rule 17(c) subpoenas in this case to curtail his abuse of the Court's process.

In light of the overbreadth of the Rule 17(c) subpoenas that defense counsel have served on CISA and GSA, and because defense counsel have failed to respond to the government's efforts to discuss this matter with them, the government is concerned that defense counsel have abused the Court's process by issuing similarly overbroad subpoenas to other entities and agencies of which the government is not yet aware.  Indeed, the government learned of Cabasso's subpoenas to CISA and GSA only after it was contacted by agency counsel.

Accordingly, the government respectfully submits that the Court should enter an order (1) staying the obligation of any recipient to respond to Rule 17 subpoenas issued by defense counsel while the Court considers whether to quash them; (2) directing defense counsel to show cause why the subpoenas they have served should not be quashed under Rule 17(c)(2) pursuant to a briefing schedule to be set by the Court; (3) directing defense counsel to provide the Court and the government with copies of any subpoenas defense counsel have already served; and (4) prohibiting defense counsel from obtaining or serving any further Rule

17 subpoenas without the prior approval of the Court. A proposed order reflecting these directives is attached hereto as Exhibit A.

                              Respectfully submitted,

                              BREON PEACE
                              United States Attorney

By:   /s/Ian C. Richardson
        Ian C. Richardson
        Alexander F. Mindlin
        Kayla C. Bensing
        Assistant U.S. Attorneys
        (718) 254-7000

cc:   Clerk of Court (by ECF) (DRH) (ARL) (with enclosures)
      Mr. Albert Y. Dayan (by ECF and email) (with enclosures)
      Mr. Harlan Protass (by ECF and email) (with enclosures)