

| | |
|---|---|
| **Kelly T. Currie**<br>KCurrie@crowell.com<br>(212) 895-4257  direct | Crowell & Moring LLP<br>590 Madison Avenue<br>20th Floor<br>New York, NY 10022<br>+1.212.223.4000  main<br>+1.212.223.4134  fax |

July 7, 2022

BY EMAIL

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:    Motion to Quash R. 17(c) Subpeona in re *United States v. Jack Cabasso*
        Criminal Docket No. 19-CR-582 (JMA) (ARL)

Dear Judge Azrack:

    We submit this letter motion on behalf of Dahua Technology USA Inc. ("Dahua"), a non-party movant in the above-captioned matter.  On June 22, 2022, Dahua received a subpoena pursuant to Fed. R. Crim. P. Rule 17(c)(2) from counsel for defendant, Jack Cabasso ("Defendant").  We respectfully move this Court to: (1) quash the Defendant's Rule 17(c)(2) subpoena served upon Dahua; and (2) stay any obligation to respond to the subpoena in the interim period while awaiting this Court's decision.

Background

    On June 22, 2022, Mr. Dayan, on behalf of Defendant, served a Rule 17(c) subpoena on Dahua. The subpoena, which is attached hereto as Exhibit 1, was issued by the Clerk of the Court on June 9, 2022, with a return date of July 6, 2022 at 10 a.m.

    On June 27, 2022, the Government filed a letter with the Honorable Denis R. Hurley, requesting that Judge Hurley issue an order to, among other things, stay "the obligation of any recipient to respond to Rule 17 subpoenas issued by defense counsel while the Court considers whether to quash them" and seeking other relief related to the Rule 17(c) subpoenas already issued and/or any future subpoenas.  (ECF No. 260). The Government's letter indicated that the Defendant had served several Rule 17(c) subpoenas on various non-parties on June 22, 2022 including at least two government agencies.  *See id.* The Government also reported multiple unsuccessful attempts to contact Defendant's counsel regarding the subpoenas, to no avail.  *See id.*

    On June 30, 2022, we emailed counsel of record for the Defendant, Messrs. Protass and Dayan, requesting that the Defendant withdraw the subpoena directed to Dahua until the Government's June 27, 2022 motion is resolved.  In the alternative, we requested a two-week extension of time to respond or move to quash the subpoena. On July 5, 2022, we again emailed



Messrs. Protass and Dayan to reiterate our requests and seeking a telephone conference to discuss the subpoena.  As of the date of this letter, we have not received any response from either of Defendant's counsel.

Applicable Law

Pursuant to Rule 17(c)(1) a party may use a subpoena to "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" before trial or before it is offered into evidence.

The purpose of Rule 17(c) is not to facilitate discovery in criminal cases, but rather to enable a party to obtain and inspect admissible trial evidence prior to trial.  *See United States v. Nixon*, 418 U.S. 683, 698–99 (1974); *see also United States v. Cherry,* 876 F.Supp. 547, 552 (S.D.N.Y. 1995) (citations omitted).  Rule 17(c) subpoenas may not be used as a general discovery device to obtain discovery from third parties.  *See Cherry*, 876 F.Supp. at 552 (finding that "[c]ourts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule 16]").

A party seeking discovery under Rule 17(c) must demonstrate that a subpoena is not "unreasonable or oppressive" as set forth in the Supreme Court's test in *Nixon*, which requires the moving party to show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Nixon*, 418 U.S. at 699–700 (citing *United States v. Iozia*, 12 F.R.D. 335, 338 (S.D.N.Y. 1952)).  In sum, the party "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity."  *Nixon,* 418 U.S. at 700; *see also United States v. RW Pro. Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y. 2005) (citing *Nixon*).

Rule 17(c)(2) provides that upon a motion made promptly, "a court may quash or modify the Subpoena if compliance would be unreasonable or oppressive."  In response to a motion to quash, the court has "an independent duty to review the propriety of the subpoena."  *United States v. Vasquez*, 258 F.R.D. 68, 72 (E.D.N.Y. 2009).  The burden of proving relevance and admissibility is on the proponent of the subpoena.  *See Nixon*, 418 U.S. at 700. To meet its burden, the proponent of the subpoena has to show that "the documents sought are both relevant and admissible at the time of the attempted procurement." *See RW Pro. Leasing Servs. Corp.* at 162.  That they are "potentially relevant or may be admissible is not sufficient." *Id.*

Discussion

The Defendant's Rule 17(c) subpoena should be quashed because it is precisely the type of untethered fishing expedition prohibited in *Nixon*.  The subpoena does not seek specific documents or information from Dahua but instead contains 13 numbered requests, many with



subparts, seeking broad categories of materials from as far back as 2006. The Defendant makes unspecific requests that include "all communications, documents, [and] electronically stored information." Specifically, the Defendant's first request includes "all communications, documents, electronically stored information and objects between Aventura Technologies Inc. and [Dahua]… *without limitations*" of various categories of documents such as "emails, letters, faxes, and other communications of *any kind whatsoever*…." (emphasis added). This type of overbroad language, which is included in each of the 13 requests, seeking documents "without limitations" and communications of "any kind whatsoever," demonstrates that the Defendant's requests are merely an impermissible fishing expedition. *See e.g. United States v. Mendinueta-Ibarro*, 956 F.Sup.2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*.").

The Defendant's second request is even more vague and overbroad. It seeks documents and communications between Dahua and unspecified "U.S. Federal Agencies" related to the company's sales of its products. The request apparently demands such documents whether or not the materials have anything at all to do with the Defendant, his business, or the charges in the instant case.

Even when the Defendant's subpoena does specify a government agency in relation to a request, as it does in requests 3-7 and 10-13, it demands a sprawling range of documents, without any indication of relevance to the Defendant's defense or how such documents would ever be admissible at trial. The third request, for example, seeks materials such as "affirmations corrective actions, administration actions, legal actions, *whether active or inactive*…" related to the Trade Agreements Act of 1979. (emphasis added). Likewise, other requests seek "all" materials including "marketing and lobbying" materials related to statutes such as the Buy American Act and National Defense Authorization Act. The Defendant also seeks materials related to Dahua's membership in trade organizations, including any termination from such associations, and all of its communications and documents related to Dahua's import or export violations with the U.S. Customs and Border Protection. None of the requested materials are remotely admissible in the Defendant's case. *See* Government's June 27 letter, ECF 260 at 5 ("The breadth of these document requests for information about other companies defies any obvious explanation of their relevance to the charges against Jack Cabasso – which, again, concern his fraudulent business practices while managing Aventura").

The Defendant's subpoena cannot be supported by the mere hope of uncovering helpful materials by trawling vast oceans of documents demanded of third parties. This is especially true where, as here, compliance with the subpoena would be unduly burdensome and costly. The Defendant has failed to meet the requirements set out by the Supreme Court in *Nixon,* and accordingly, the Court should enter an order quashing the subpoena.


        Respectfully submitted,

        /s/ *Kelly T. Currie*
        Kelly T. Currie
        CROWELL & MORING LLP
        590 Madison Ave, 20th Floor
        New York, NY 10022
        (212) 895-4257

        *Counsel for Dahua Technology USA Inc.*

cc:     All Counsel of Record (by email) (with enclosures)