# EXHIBIT E

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

United States of America )
v. )
) Case No. 19-CR-582 (DRH)
Jack Cabasso )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:

Government Accountability Office

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

PLEASE SEE ATTACHED RIDER

| Place: | Date and Time: |
|---|---|
| Clerk of the Court, United States District Court Eastern District of New York 100 Federal Plaza Central Islip, New York 11722 | 6/27/2022 10:00 am |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: JUN 0 9 2022

BRENNA B. MAHONEY

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Jack Cabasso
_____, who requests this subpoena, are:

Albert Y. Dayan, Attorney-at-Law, 80-02 Kew Gardens Rd., Suite 902, Kew Gardens, New York 11415.
(email) subpoenas@dayanlawgroup.com (tel) 718-268-9400

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Honorable Gene Dodaro
Comptroller General of the United States
c/o Director, Records & Privacy
Infrastructure Operations
Government Accountability Office
441 G St., NW
Washington, DC 20548

## SUBPOENA RIDER

**Definitions**

1. As used herein, the term "document" shall mean any written, printed, typed, filmed, taped, electronic or any other graphic matter of any kind, whether sent, received, or neither sent nor received, including drafts and copies bearing notations or marks not found on the original.

2. "You" or "your" shall mean U.S. Government Accountability Office, their employees, agents and any other person acting, or purporting to act, on U.S. Government Accountability's behalf or under U.S. Government Accountability Office's control.

3. "Statement" shall mean any written or graphic statement, signed or otherwise adopted or approved by the person making it, or any stenographic, mechanical, electrical, audio, video, tape, or other recording or transcription of a statement, which is a substantially verbatim recital of such statement and contemporaneously recorded.

4. "Document" shall mean any and all records, wherever such documents may be located or filed, in whatever form or format they are maintained.

5. "Any" shall mean any and all.

6. "And" or "all" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Document Request any information that might otherwise be construed to be outside its scope.

7. The term "including" means including but not limited to.

8. The term "pertaining" means relating to, referring to, describing, or constituting.

9. The singular includes the plural and vice versa, and a verb tense includes all other tenses where the clear meaning is not distorted by the addition of another tense or tenses.

10. The use of capital letters, lower case letters or quotations marks in the Requests shall not be construed to limit the scope of any specific Document Request contained herein.

11. Unless otherwise specified, all Document Requests herein are for the period of 2006 to the present unless stated otherwise.

Instructions

1. In producing documents or other materials, You are to furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or your employees, agents, subsidiaries, affiliates, investigators, representatives, or any person acting on your behalf, wherever located and in whatever form they may exists. Without limiting the term "control", a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or a copy thereof from a person or public or private entity having physical possession thereof.

2. If a Document Request is objected to, the reason for the objection must be stated, with reasonable particularity, in lieu of the document. If any part of a Document Request is objected to, then documents responsive to any unobjectionable portion must be produced.

3. If you contend that any document called for by these Document Requests is subject to any privilege or protection and you intend to assert such privilege or protection, you are required to set forth a sufficient factual basis to establish that such a privilege or protection is applicable to the requested document. With respect to a requested document that is being withheld, the following information shall be provided:

   a. The type of document;
   b. The general subject matter of the document;
   c. The date of the document; and
   d. Such other information as is sufficient to identify the document for a subpoena duces tecum, including, the author and nature of the information contained in the document and the name(s) and address(es) of each person who has provided input to the creation of the document or has viewed such document, or has had custody of the document or of any copies of the document.

   If you fail to set forth a sufficient factual basis for the assertion of any claim of privilege or protection, then any arguable claim of privilege or protection shall be waived. Compliance with the above instructions is not to be construed as an admission by the Requestor that such a privilege or protection is valid, and the Requestor reserves the right to challenge any purported claim of privilege or protection.

4. If you assert a privilege as to any portion of any document or category of documents, produce the remainder of that document or category of documents as to which you do not assert a privilege.

5. Each document is to be produced as kept in the ordinary course of business.

6. If any portion of any document is redacted, please state with specificity of the basis for the redaction.

7. If any of the requested documents cannot be produced in full, you are requested to produce them to the fullest extent possible, specifying clearly the reasons why for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

8. In the event that any document responsive to any Document Request was, but is no longer in your possession, custody, or control, or has been lost, destroyed, or discarded, or otherwise disposed of, you are requested to identify such document as completely as possible, including without limitation, the following information:

   a. The nature of the document;
   b. The person who prepared or authorized the document, and, if applicable, the person to whom the document was sent;
   c. The date on which the document was prepared or transmitted; and
   d. If possible, what has happened to the document and where it or any copies of it may be located, or if the document was lost or destroyed, and, if destroyed, the conditions of and the reasons for such destruction and the persons requesting and performing the destruction.

9. Your responses to these Document Requests should not be delayed if they cannot be fully complied with by the date set herein for the presentation of documents for any reason, including, but not limited to, the assertion of any privilege or protection, interposition of any objection, ongoing investigation, or current unavailability of the documents. All available documents should be produced on a rolling basis as soon as they become available.

10. All documents produced should be numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

11. These Document Requests specifically contemplate the production of all electronic or magnetic date. To the extent any of the documents produced in response to these Document Requests exists in electronic or magnetic form, such documents shall be produced in the form computerized single-page TIFF image files together with load files suitable for use with standard database software. The relationship between related documents (e.g. emails and attachments) should be persevered. In addition, all documents whose native format is that of an electronic spreadsheet shall also be produced in their native format, including the formulae imbedded in the spreadsheet and any metadata contained in the file. Requestor reserves the right to demand production of any responsive documents in their native format, including all metadata, and you shall preserve, in their native format, all documents and metadata to which a duty of preservation attaches.

12. These Document Requests are deemed to be continuing in nature so as to require supplementation by you if you obtain or discover additional information or documents between the time of initial response and the time of hearing or trial herein. This paragraph shall not be construed to alter any obligation to comply with all other instructions in these requests.

13. In lieu of an appearance you may comply with this subpoena by providing the requested information in electronic form, together with a business records certification that complies with Fed. R. Evid. 803(6), on or before the return date listed on the subpoena, to:

Albert Y. Dayan, Esq.
80-02 Kew Gardens Rd., Suite 902
Kew Gardens, NY 11415
Tel: (718) 268-9400
Email:

Requests

1. Provide all internal, external, and inter-agency business communications records, electronically stored information and objects relating to Government Accountability Office Contract Appeals Board File No. B-413628.3 – USP McCreary and the underlying award to Signet Technologies, Inc. including but not limited to: emails, SMS and MMS messages, instant messages, letters, faxes, direct or indirect notes, correspondence, market surveys, sources sought, procurement plan, statement of work, technical requirements, RFI, RFQs, RFPs, solicitations, amendments, bids, submissions, proposals, terms and conditions, evaluations, determinations, bid tabulations, recommendations, reports, reviews, contracts, awards, award notices, task orders, price lists, catalogues, purchase orders, bill of ladings, receiving records, manifests, invoices, bills of sale, payments, receipts, photographs and recordings, corrective actions, administrative actions, legal actions, whether active or inactive.

Paragraph 1 immediately preceding shall include but not be limited to the Government Accountability Office, Aventura Technologies, Inc., Signet Technologies, Inc., USP McCreary, Federal Bureau of Prisons, Department of Justice, their employees, agents, representatives, and any other person acting, or purporting to act on their behalf.