Protass Law PLLC

260 Madison Avenue
22nd Floor
New York, NY 10016

T: 212-455-0335
F: 646-607-0760
hprotass@protasslaw.com

October 10, 2022

<u>VIA ECF</u>

Honorable Arlene R. Lindsay
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re: <u>United States v. Jack Cabasso, Case No. 19-CR-582 (ARL)</u>

Dear Judge Lindsay:

  This firm, along with Albert Dayan, Esq. of the Law Office of Albert Y. Dayan, represents defendant Jack Cabasso in the referenced matter. We write to respectfully request the following modifications to the terms of Mr. Cabasso's pretrial release: (1) converting his home detention (except for work between 8:00 am and 6:00 pm) to home detention with a curfew; and (2) adding the Southern District of New York to the geographic areas to which he is permitted to travel. I have spoken with U.S. Pretrial Services Officer Amanda Sanchez, who has no objection to the modifications to the terms of Mr. Cabasso's pretrial release detailed herein. I have reached out to AUSA Ian Richardson three times about this instant bail modification request but have received no response from AUSA Richardson

  By way of background, on November 7, 2019 Mr. Cabasso was arrested (Docket No. 15) on a Criminal Complaint dated November 6, 2019 charging him with a number of offenses related to his operation of Aventura Technologies, Inc. ("Aventura") (Docket No. 1). At the time of his arrest, the government filed a detention memorandum seeking to hold Mr. Cabasso in custody until trial. (Docket No. 12.) Based on that detention memorandum, on November 7, 2019 the Honorable Ramon E. Reyes, Jr. entered an Order directing Mr. Cabasso's pretrial detention. (Docket No. 16.) Ultimately, Mr. Cabasso was released from custody pursuant to a January 6, 2020 Order entered by this Court setting conditions for his pretrial release, including a $3,000,000 personal recognizance bond secured by real property and cash in the amount of $200,000, home detention with an ankle bracelet and monitoring, travel restricted to the Eastern District of New York, surrender of his passport and supervision by U.S Pretrial Services. (Docket No. 75.) On September 22, 2020 this Court entered an Order, without objection by either the government or U.S. Pretrial Services, modifying the terms of Mr. Cabasso's pretrial release to include authorization for Mr. Cabasso to provide business services

through a new company unrelated to Aventura, authorization for Mr. Cabasso to communicate with former Aventura employees who have not been charged (but prohibiting him from discussing the instant matter with those former employees), modifying Mr. Cabasso's home detention so that he could travel to and from his home to his office in Commack, NY on a daily basis between 8:00 am to 6:00 pm, requiring Mr. Cabasso to provide his counsel (on the 14th day and last day of each month) with a call log of all persons and organizations with whom he had spoken about his new business venture (and also requiring that his counsel provide that log to the government on a rolling basis) and authorizing U.S. Pretrial Services to modify the hours he is permitted to work at his office as well as conduct random visits of his workplace. (Docket Nos. 150 and 155.) Thus, this Court's September 22, 2020 Order modifying the terms of Mr. Cabasso's pretrial release already essentially already converted his home confinement into home detention with a curfew (that is, he has to be in his home by 6:00 pm each day).[1]

While Mr. Cabasso is grateful to be at home with his family rather than detained at the MDC, the conditions of his pretrial release are onerous and, more importantly, impractical. And, since the terms of his pretrial release already amount to home detention with a curfew, we submit that this Court should take the formal step of converting the terms of Mr. Cabasso's pretrial release to home detention with a curfew. Indeed, U.S. Pretrial Services Officer Amanda Sanchez advised the undersigned that she has no objection to the conversion of Mr. Cabasso's home detention to home detention with a curfew (principally because it is more practical for her to monitor and implement). Ms. Sanchez also advised that she has no objection to adding the Southern District of New York (where Mr. Cabasso's attorneys work[2] and where his physicians practice medicine[3]) to the areas to which Mr. Cabasso is permitted to travel.

---

[1]  On July 8, 2021 Mr. Cabasso filed an application for a further modification to terms of his pretrial release, principally seeking removal of his ankle bracelet and unrestricted travel within the Eastern and Southern Districts of New York. (Docket No. 199.) On May 12, 2022 this Court entered an Order denying Mr. Cabasso's bail modification application based on an issue relating to submission to the government of the aforementioned call logs. (Docket No. 254.)

[2]  The undersigned maintains an office in the Southern District of New York. Likewise, Aventura's attorneys, Fasulo Braverman & Di Maggio LLP, have offices in the Southern District of New York. And still other professionals working with Mr. Cabasso's attorneys on his defense are also located in the Southern District of New York.

Also, many of the millions of pages of discovery that the government has produced are marked "sensitive," meaning that they can only be examined in the offices of Mr. Cabasso's attorneys and in the presence of such attorneys, which adds to the burden associated with his inability to freely travel to the Southern District of New York where his attorneys have offices.

[3]  Mr. Cabasso has numerous health issues that require medical attention, including cataracts in both eyes, blindness in one eye (which surgeons are planning to attempt to correct) and arthritis. By way of example, on September 14, 2022 Mr. Cabasso had cataract surgery on Long Island on the eye from which he suffers blindness, which procedure was undertaken to prepare that eye for subsequent retinal procedures at the New York Eye and Ear Infirmary (which is in the Southern District of New York). Mr. Cabasso also had a follow-up appointment regarding same on September 15, 2022 with his physician in the Southern District of New York.

By way of example, the current terms of Mr. Cabasso's pretrial release require the following steps should he seek to travel outside of his home (other than to his office during the hours of 8:00 am to 6:00 pm), even if such travel is for purposes of meeting with his attorneys in the Southern District of New York:

- Mr. Cabasso must notify U.S. Pretrial Services of any proposed appointment outside of his home two (2) days in advance;

- U.S. Pretrial Services must notify its third-party central monitoring center to adjust Mr. Cabasso's ankle bracelet monitoring system to account for his proposed travel;

- U.S. Pretrial Services must contact the individuals with whom Mr. Cabasso plans to meet (such as his attorneys) in advance of such appointments to confirm those appointment; and

- If any appointment cannot be timely confirmed, U.S. Pretrial Services must again contact its third-party central monitoring center to again amend Mr. Cabasso's ankle bracelet monitoring system and must also notify Mr. Cabasso to cancel and reschedule any previously scheduled appointment.

The foregoing procedure is particularly burdensome and impractical with respect to Mr. Cabasso's medical appointments as the rescheduling of medical appointment is often difficult (as this Court may have experienced itself). The same applies to any follow-up appointments with his physicians that Mr. Cabasso may require.

To date, and except for the aforementioned call log issue (which arose from a miscommunication between Mr. Cabasso's counsel, Albert Dayan, Esq. and the government), Mr. Cabasso has been in full compliance with all conditions of his pretrial release. Additionally, Mr. Cabasso is not a flight risk (particularly given his $3,000,000 personal recognizance bond) and is not a danger to any individual or the community at large. Also, Mr. Cabasso has attended all appearances (both telephonic and in-person) required by this Court and the Honorable Denis R. Hurley.[4] And, again, as detailed above, I have spoken with U.S. Pretrial Services Officer Amanda Sanchez, who has no objection to revising the terms of Mr. Cabasso's pretrial release as detailed herein.

---

Finally, Mr. Cabasso anticipates the need for follow-up medical appointments relating to his eye conditions that have not yet been scheduled but that will also take place in the Southern District of New York.

[4] Mr. Cabasso's case was recently reassigned to the Honorable Joan M. Azrack. Judge Azrack directed that the previously schedule telephonic pretrial conference before her October 12, 2022 at 3:00 pm take place before this Court.

Accordingly and for the foregoing reasons, and based on the consent of U.S. Pretrial Services Officer Amanda Sanchez, we respectfully request that this Court enter an Order revising the terms of Mr. Cabasso's pretrial release to: (1) convert his home detention to home detention with a curfew to be set and monitored by U.S. Pretrial Services; and (2) expand the geographic area in which Mr. Cabasso is to permitted to travel to include the Southern District of New York.

Thank you for your consideration and attention to this matter.

Respectfully submitted,

/s/

Harlan Protass

cc: All Counsel of Record (via ECF)

Amanda Sanchez (via e-mail)
U.S. Pretrial Services Officer