

U.S. Department of Justice

United States Attorney
Eastern District of New York

BGK:CSK
F. #2018R01047

271 Cadman Plaza East
Brooklyn, New York 11201

January 23, 2024

By ECF
The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: United States v. Cabasso, et. al.
Criminal Action No. 19-582 (JMA)

Dear Judge Azrack:

The government respectfully writes the Court in response to the motion (DE 327) filed on behalf of petitioners Dr. Eric Weinstein and his entity, I Shine Florida Yachting, Inc. (hereinafter, "third party petitioners"). The subject property referenced in the third party petitioners' letter concerns a yacht. This yacht is subject to criminal forfeiture as set forth in the Court's Amended Preliminary Orders of Forfeiture entered against defendants Francis Cabasso and Jack Cabasso. See Amended Preliminary Orders of Forfeiture (DE 324 and 325, page 2, paragraph (m)). For the reason set forth below, third party petitioners' motion for an immediate forfeiture order is premature.

Publication Is Required

As set forth in the Amended Preliminary Orders of Forfeiture and pursuant to Fed. R. Crim. P. 32.2 (b)(6)(A) and 21 U.S.C. § 853(n)(1), the government is required to publish notice of the Amended Preliminary Orders of Forfeiture. Publication is required in order to permit any and all potential third parties to file a claim to any of the specific assets subject to forfeiture so that those claims can be resolved in an ancillary proceeding. On or about January 22, 2024, the government began publication of the Amended Preliminary Orders of Forfeiture. The date for all potential third party petitioners, in addition to the third party petitioners herein, to file a claim to the yacht, expires March 22, 2024. See 21 U.S.C. § 853(n)(2). As a result, the third party petitioners' motion for an immediate forfeiture order is premature since the date for others to file claims to the yacht has not expired. See United States v. Dupree, 919 F.Supp.2d 254, 283 (E.D.N.Y. 2013) (deadline for filing a petition did

not expire until thirty days after final publication); aff'd in part, vacated in part, sub. nom, United States v. Watts, 786 F. 3d 153 (2d Cir. 2015).[1]

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By: _____

          Claire S. Kedeshian
          Assistant U.S. Attorney
          (718) 254-6051

Cc: via ECF
    Duncan Levin, Esq. (counsel to third party petitioners).

---

[1] Contrary to third party petitioners' contention that "the government has allowed the boat to sit dormant, losing value," during the course of these ongoing criminal proceedings, the government filed a motion for interlocutory sale of the yacht which the district court denied without prejudice. See DE No. 187.