

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM/KCB
F. #2018R01047

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 28, 2025

By ECF

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Jack Cabasso
      Criminal Docket No. 19-582 (JMA)

Dear Judge Azrack:

  The government writes in response to the defendant Jack Cabasso's submission filed earlier this evening, on the eve of the upcoming status conference.

  The government maintains its three previous requests: that the Court (1) direct counsel to definitively state whether he wishes to move for plea withdrawal, and impose a briefing schedule accordingly; (2) obtain the defendant's on-the-record acknowledgment of pertinent provisions of his plea agreement; and (3) direct a waiver of privilege and instruct counsel to produce to the government, by a date certain, all recorded communications with prior counsel, so that his claims about the ineffective assistance of prior counsel may be fully explored.

1. **The Need for a Briefing Schedule**.  Much of counsel's letter is dedicated to arguing that he might have done better than prior counsel, largely based on misconstruing the government's case.  He also renews previous demands for material that the government has already told him it does not have.  None of this amounts to a reason why Mr. Cabasso should have more time to decide whether to move for plea withdrawal (much less does it form a valid basis for withdrawing a plea).  Either he wants to ask for his plea back, or he does not; but the Court should direct him to decide**.**

2. **The Defendant's Withdrawal Motion Will Have Consequences**.   The contents of the defendant's plea agreement are not in dispute.  It provides for certain consequences to occur if the defendant moves to withdraw, and for others to occur if his plea is withdrawn.  The defendant should be so advised, and so acknowledge.

3. **Privilege.** Mr. Miskiewicz previously advised the government that Cabasso had made audio recordings of Cabasso's prior counsel telling Cabasso to plead guilty despite his innocence, and wrote that any motion to withdraw would be based in part on "prior counsel's recorded coercive threats to Cabasso," constituting "constitutionally ineffective assistance of counsel." But today's letter from Mr. Miskiewicz makes no reference to those purported threats, and refers only to a threat by *another defendant's* lawyer—counsel to Cabasso's wife. Mr. Miskiewicz's accusations that Cabasso's own prior counsel coerced Cabasso are serious, and should be promptly explored so that this case can move forward. The government respectfully submits that Mr. Miskiewicz's accusations regarding Cabasso's prior counsel have effected a waiver of the privilege with respect to the recorded communications. See In re Grand Jury Proceedings, 2019 F.3d 175, 182 (2d Cir. 2000) (recognizing that "implied waiver may be found where the privilege holder asserts a claim that in fairness requires examination of protected communications").

                    Respectfully submitted,

                    JOHN J. DURHAM
                    United States Attorney

By:        /s/
                    Alexander F. Mindlin
                    Kayla C. Bensing
                    Assistant U.S. Attorneys
                    (718) 254-7000

cc:    Clerk of Court (by ECF) (JMA)
       All counsel of record (by ECF)