
# L<small>A</small> P<small>INTA</small>, L<small>ESKO</small> & M<small>ISKIEWICZ</small> P.C.
### - ATTORNEYS AT LAW –

| | | |
|---|---|---|
| **200 VANDERBILT MOTOR PARKWAY**<br>**SUITE C-17**<br>**HAUPPAUGE, NEW YORK 11788** | | **300 OLD COUNTRY ROAD**<br>**SUITE 341**<br>**MINEOLA, NEW YORK 11501**<br>(Correspondence to Hauppauge Office) |
| **ANTHONY M. LA PINTA**<br>**MARK J. LESKO**<br>**JAMES MISKIEWICZ** | TEL: 631-231-1199<br>FAX: 631-300-4380 | **OF COUNSEL**<br><br>**PETER H. MAYER, III, PLLC.**<br>Justice, NYS Supreme Court (Ret.) |
| **MICHAEL D. FEHRINGER** | | **MARK D. COHEN**<br>Judge, NYS Court of Claims (Ret.)<br><br>**CHRISTOPHER J. PURCELL, P.C.** |

June 2, 2025

**VIA EMAIL & ECF**

Alexander Mindlin
Assistant United States Attorney
U.S. Attorney's Office for the
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Jack Cabasso, 19-CR-582 (JMA) (ARL)</u>

Dear Mr. Mindlin:

      On behalf of defendant Jack Cabasso, I request, pursuant to Rule 16(a)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the immediate production of all notes, recordings, and memoranda of interview of Mr. Cabasso's post arrest and proffer statements so that they may be used in the defendant's motion seeking leave to withdraw his guilty plea. I also request the immediate disclosure of certain photographic evidence believed to be in the government's possession.

      In your May 16, 2025, response to our motion to compel, you represented that the government had produced "[s]tatements made by the defendant during his arrest and in subsequent meetings with the government," by letter dated March 30, 2025. (Dkt. No. 429, p. 7). Although it is accurate that the government provided me with copies of emails and other communications by the defendant, some of which you quoted in your memorandum, and that you referenced enclosed defendant statements in your letter, no records of statements were found in that production. We ask therefore that the be produced at this time.

On November 7, 2019, Mr. Cabasso fainted at his home during his and his wife's arrest. He was taken to a hospital and then released, at which point Mr. Cabasso was transported to an Internal Revenue Service office on Long Island before being brought to his initial appearance before Magistrate Reyes. While at the IRS office, Mr. Cabasso was given a Miranda warning and then interrogated by agents, who also, eventually, began recording the interrogation.

To date, not only have I not received those recordings and memoranda or other writings reflecting Mr. Cabasso's post-arrest statements, prior counsel, Albert Dayan, has advised that notwithstanding the government's first Rule 16 letter dated January 14, 2020, (Dkt. No. 84), acknowledging that Mr. Cabasso made post arrest statements, Mr. Dayan also never received those statements in discovery from the government. (See attached).

Mr. Cabasso and Mr. Dayan also met with the government beginning in January 2020 pursuant to a proffer agreement. Mr. Cabasso again provided the government with information concerning Aventura's operations, specifically his reliance on the substantial transformation country of origin rule under the Trade Agreements Act of 1979. There is no record that his proffer statements were ever produced in discovery, and I have confirmed with my client that he never received copies of those statements in discovery.

Additionally, the government has alleged that Aventura's equipment was "installed on dozens of Army, Navy, and Air Force bases." (ECF No. 1 ¶ ¶ 2, 16). It claimed Aventura sold approximately $20.7 million in security equipment through GSA Schedule contracts and another $16.9 million in direct contracts with agencies such as the Department of the Treasury. (ECF No. 1 ¶ 3). The indictment emphasized that Aventura's largest customers included "U.S. government agencies, including the U.S. Army, U.S. Navy, and U.S. Air Force." (ECF No. 55 ¶ 1).

I request the immediate disclosure of such photographic evidence, if it exists, or immediate notification that no such evidence is in the government's possession. Similarly, I demand immediate disclosure of Mr. Cabasso's executed Miranda warning form, and any written record of his post arrest and proffer statements—preferably by email today—so they may be used in his motion to withdraw his plea agreement. As for the audio or video recording of the post arrest interrogation, we ask that such material be immediately disclosed by digital media mailed overnight to my office.

Thank you,

*James Miskiewicz*
James Miskiewicz

cc: All Counsel of Record via ECF

Emails To and From Albert Dayan Regarding Government's Disclosure of Defendant's Post Arrest Statements

**From:** James Miskiewicz
**To:** Albert Dayan
**Subject:** Re: Jack Cabasso
**Date:** Thursday, May 15, 2025 2:33:02 PM

Albert,

The letter suggests there was a recording of his post-arrest statement. If you don't have it, then I will have to go back to the government and try to get it from them. The government hasn't been exactly helpful. They've responded to an earlier request of mine by saying Jack has "waived" further discovery noir that he's pled guilty.

On the other hand, perhaps they sent you FBI 302s of the interview. If you have those, please email them to me.

Thanks,
Jim

---

**From:** Albert Dayan <d███████m>
**Sent:** Thursday, May 15, 2025 12:16 PM
**To:** James Miskiewicz <j███████>
**Subject:** Re: Jack Cabasso

I just read the attached letter and it indicates their intent to send it to me. But, I do not remember ever receiving any recorded post arrest statement. I will check my files. But I do not believe that I have a record of Jack's post arrest statement
Sent from my iPhone

> On May 15, 2025, at 12:12 PM, Albert Dayan <███████> wrote:
>
> James, do you mean an actual audio recording??
> If yes, I do not believe that I ever had one. If there is anything memorialized in writing, like a 302, I will check my file to see if I have anything. Please clarify if you mean a post arrest statement or a proffer meeting.
> Sent from my iPhone
>
>> On May 15, 2025, at 11:41 AM, James Miskiewicz <j███████> wrote:
>>
>> Dear Mr. Dayan,
>> I represent Jack Cabasso in the federal case that you previously

represented him in. I write to ask that you provide me a copy of Jack's recorded post-arrest statements that the government sent to you in January 2000, as memorialized in the attached letter, and Jack's email to you below in 2023.

Jack indicates that he never received the recording or paper copies of his post-arrest statements, and I too have not been able to locate the statement in other discovery. Unfortunately, my requests to the government have not resulted in disclosure.

This has become an urgent matter in his case. Please send me the recording as identified herein as soon as possible. In the alternative, I would be more than happy to swing by your office and retrieve the actual recording that the government provided if that would be more convenient.

Yours truly,
Jim

**James Miskiewicz**
La Pinta, Lesko & Miskiewicz P.C.
200 Vanderbilt Motor Parkway
Suite C-17
Hauppauge, New York 11788
███████████.com
(o) (631) 231-1199
███████████

**<Outlook-2bqiayp1.png>**

---

**From:** ███████████████████████████>
**Sent:** Tuesday, June 13, 2023 4:51 PM
**To:** Albert Y. Dayan <d███████████████>
**Subject:** Production ECF 84

Supposedly this was hand delivered to you on January 14, 2020.

Says "A post-Miranda videotaped statement my by the defendant is enclosed and bates-stamped JC00000001.

I need this and going to be come very critical. This is going to come full circle as this was when I went in for proffer. This is when I delivered the binders. This is when the delivered records started disappearing. The post-Miranda ties into "substantial transformation" and what they told me they believed.

I want to transcribe it ASAP and see if they "edited" the recording because its damning against them.

Let me know when I can get this.

<84 01-14-20 Letter to Dayan Initial Discovery Response for Jack Cabasso.pdf>