**FILED**
**CLERK**

10:31 am, Jul 02, 2025

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

           **MEMORANDUM & ORDER**
           2:19-cr-00582(JMA)(ARL)

-against-


JACK CABASSO,

          Defendant.

-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Presently before the Court is Defendant Jack Cabasso's motion to compel discovery. (ECF No. 427.) After reviewing the motions and hearing further argument from the parties, Defendant's motion to compel discovery is DENIED for the reasons that follow.

First, Defendant has waived all further discovery pursuant to his guilty plea. According to paragraph five of the plea agreement, Defendant "waives any right to additional disclosure from the government in connection with the guilty plea." (ECF No. 429 at 5.) Defendant cites to no authority that would entitle him to further discovery in light of this waiver. Rather, precedent suggests that his agreement to waive further discovery bars his current request to compel. See, e.g., United States v. Baig, No. 13-CR-035, 2020 WL 4592778, at *5 (E.D.N.Y. Aug. 11, 2020) ("[A]s part of his Plea Agreement, [the defendant] waived his right to additional discovery from the Government in connection with his guilty plea."); Jackson v. Annucci, No. 9:16-CV-01020, 2018 WL 2224988, at *4 (N.D.N.Y. May 15, 2018) ("By voluntarily pleading guilty, [Defendant] forfeited his right to bring claims premised on errors that occurred prior to the plea process. This

includes pretrial discovery claims that allege a deprivation of due process."); Otero v. United States, No. 3:20-CV-01665, 2021 WL 5398412, at *5 (D. Conn. Nov. 18, 2021) (holding that Defendant's ability to "challenge a non-jurisdictional defect in the proceeding are likewise waived by [his] guilty plea."); Wilson v. United States, 28 F.3d 1215, at *1 (6th Cir. Jun. 23, 1994) ("[Petitioner's] allegation of lack of discovery is a non-jurisdictional defect which cannot be challenged following the entry of a valid guilty plea.")  Therefore, due to Defendant's knowing and voluntary waiver of discovery in his plea agreement, I find that his motion to compel must be denied.

Second, even if Defendant had not waived his right to further discovery, I would find that his requests are not material. Defendant's core argument on this point is that he purportedly satisfied the "substantial transformation" provisions of the Trade Agreements Act ("TAA").  The request for discovery assumes that if Defendant has satisfied the substantial transformation provisions, it would represent exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

This argument is unavailing.  As the Government correctly points out, it "does not allege that [Defendant] violated the TAA."  (ECF No. 429 at 12.)  Rather, Defendant was charged with and pled guilty to a conspiracy to commit wire fraud under 18 U.S.C. §1349.  Defendant seems to misunderstand the Government on this point.  He appears to be under the mistaken assumption that the Government must prove he violated the TAA to satisfy the charges in the indictment, or that proof Defendant complied with the TAA would exculpate his conduct.  Not so.  "[A]llegations of violations of the domestic preference laws are *not* elements of conspiracy to commit wire fraud." United States v. Ferguson, No. 2:16-CR-00103-JRG, ECF No. 162 at 7; see also United States v. Green, 592 F.3d 1057 (9th Cir. 2010) ("[W]e believe it is settled that wire fraud does not require

proof that the defendant's conduct violated a separate law or regulation, be it federal or state law."); United States v. Ames Sintering Co., 927 F.2d 232 (6th Cir. 1990) ("[A]ppellants were not charged with violating the Sherman Act, but rather the wire fraud statute.")  Thus, to prove Defendant committed wire fraud, the Government need only demonstrate that Defendant: (1) operated a scheme or an artifice to defraud; (2) used the United States mails or wires in furtherance of the said scheme; and (3) used the mails or wires with the specific intent to deceive or defraud.  See 18 U.S.C. §1349.  Defendant described how he met all three elements in detail during his plea allocution.

Whether Defendant's goods satisfied the substantial transformation provision of the TAA is not material to any of these three elements.  The core of the Government's theory is that Defendant deprived his victims of the benefit of their bargain by knowingly deceiving them into buying Chinese-manufactured goods, rather than American-made products.  The TAA's provisions are at most ancillary to this fraud.  Therefore, the requested discovery is not material to the Defendant in light of his guilty plea.

For the foregoing reasons, Defendant's motion to compel is DENIED.

**SO ORDERED.**

Dated:   July 2, 2025
        Central Islip, New York

                                                        /s/ JMA
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE